**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4362**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES G. CANADY,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-02-127)

―――――――――

Submitted:  April 27, 2005          Decided:  July 13, 2005

―――――――――

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

―――――――――

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

―――――――――

R. Clarke Speaks, Wilmington, North Carolina, for Appellant.  Frank
D. Whitney, United States Attorney, Anne M. Hayes, Christine
Witcover Dean, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles G. Canady appeals from his conviction and sentence for conspiracy with intent to distribute fifty grams or more of cocaine base and carrying a firearm during a drug trafficking conspiracy, in violation of 21 U.S.C. § 846 (2000) and 18 U.S.C. § 924(c) (2000). We affirm Canady's conviction, but we remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

Canady claims the district court erred when it denied his motion for a judgment of acquittal. This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Canady is mistaken that his acquittal of a drug possession charge merits dismissal of the gun possession charge because the gun possession charge related to the drug conspiracy charge for which he was convicted and not to the drug possession charge for which he was acquitted. Moreover, the jury had sufficient evidence to conclude that the gun, which was positioned next to the drug proceeds in Canady's car, facilitated the safe transport of those proceeds. Accordingly, the district court did not err in denying Canady's motion for a judgment of acquittal.

Canady argues that the district court erred in denying his request for a downward adjustment for his mitigating role in

the offense. The district court's determination of the defendant's role in the offense is a factual issue reviewed for clear error. United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997). Safely storing the money was not a minor part of the drug trafficking conspiracy, and Canady's role, while not complicated, was nevertheless integral and material. Canady has failed to provide any evidence that the district court clearly erred in its decision.

Canady argued in a supplemental brief that the district court violated the Confrontation Clause of the Sixth Amendment by admitting statements his co-conspirator James Ardell Canady ("Ardell") made to a confidential informant that Canady was a part of the drug trafficking conspiracy. Canady contends that the statements were inadmissible under Crawford v. Washington, 541 U.S. 36 (2004), because Ardell's statements were "testimonial" in nature. In Crawford the Supreme Court announced that the Confrontation Clause prohibits the admission of testimonial statements that are not subject to cross-examination. Id. at 50-52. While Crawford did not provide a comprehensive definition of what constitute "testimonial statements," the broadest interpretation argued by the parties in Crawford would define testimonial statements as "made under circumstances which would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial." Id. at

*Crawford* referenced <u>Bourjaily v. United States</u>, 483 U.S. 171 (1987), as an example of a case in which nontestimonial statements were correctly admitted against the defendant despite the lack of prior opportunity for cross-examination. <u>Crawford</u>, 541 U.S. at 58. In <u>Bourjaily</u>, the Court rejected a Confrontation Clause objection to the admission of a conversation between a co-defendant and a confidential informant. <u>Bourjaily</u>, 483 U.S. at 181-84 (holding that statements admissible under Rule 801(d)(2)(E) did not violate the Confrontation Clause). The statements at issue here were not testimonial, even under the broadest interpretation of that term, as Ardell clearly did not realize that his statements to the informant were going to be used against him at trial. The district court did not abuse its discretion by admitting the statements by Ardell.

Finally, Canady claims that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone. Because Canady failed to raise this claim below, we must review it for plain error. <u>Hughes</u>, 401 F.3d at 547. The jury convicted Canady of conspiracy to distribute more than fifty grams of cocaine base. At sentencing, the district court found Canady responsible for 79.8 kilograms of cocaine base. Given Canady's criminal history category of II, the facts found by the jury on the drug conspiracy charge authorized an offense level of thirty-two, with a resulting

sentencing range of 135-168 months, while the range associated with the judicially enhanced offense level of thirty-eight was 262-327 months.[1] After a downward departure for substantial assistance, Canady was sentenced to 182 months on this count.[2] The district court erred in basing Canady's sentence on judge-found facts under a mandatory guidelines regime, and the error was plain. Id. at 547-48. Because Canady's sentence was longer than what could have been imposed based on the jury's verdict, the error affected Canady's substantial rights, id. at 548, and we will notice the error, id. at 555. Therefore, Canady must be resentenced.[3]

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still

---

[1]The presentence report recommended a criminal history category of III, and the district court stated at sentencing that it was using category III. (J.A. 573). However, as the Government points out in its brief, the sentencing range stated by the district court is that associated with category II. Earlier in the sentencing hearing, the court ruled in Canady's favor on an objection to the criminal history category, reducing his category from III to II. (J.A. 562-63, 569). Thus, the later statement that Canady's criminal history category was III is either a typographical error in the transcript or a misstatement by the district court.

[2]The consecutive sixty month sentence for the firearms charge is not at issue.

[3]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Canady's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

"consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all the factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a)(2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We affirm Canady's conviction. In light of Booker and Hughes, we vacate Canady's sentence and remand for resentencing. The facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED IN PART, VACATED<br>IN PART, AND REMANDED